Judge Catron
delivered the opinion of the court. On the 2d of March, 1830, there issued from the county court of Lincoln, a capias ad satisfaciendum, at the instance of the State, against the defendant, for the sum of $18 42, for fine and costs. It was executed upon the defendant, and he gave bond and security for his appearance at the county court, at the return of the writ, with the conditions to pay the debt, take the oath of insolvency, or surrender his property. The defendant appeared and moved the court to be permitted to take the benefit of the insolvent debtors’ act. The State moved for judgment against the defendant and his securities on the bond, because no notice had been given by defendant, that he intended to take the oath of insolvency. The county court refused the latter motion, and permitted the defendant to take the oath and be discharged. From this judgment, the attorney [for the State, prosecuted his writ of error to the circuit court, where the decision of the county court was reversed — the application to he discharged on the part of Hampton refused, and judgment rendered against him and his securities for the debt set forth in the ca sa and bond; from which judgment, defendant appealed in error to this court.
T. II. Fletcher, for plaintiff in error.
Ji. Hays, Atty. Gen. for the State.
This question was presented to this court at the last term at Knoxville, in the case of Maloney vs. Powell. The court was of opinion that no notice was required of the intention of the defendant to take the benefit of the actg for flje ]jene(it of insolvent debtors; that the bond itself, was the only notice to the creditor, which the act of 1824, ch. 17, contemplated. Suppose the defendant arrested within ten days before the sitting of the court to which the process is returnable, or on a justice’s judgment. On the return of the procoss and bond, he is to comply with the condition; — the court may not sit but a day or two. — How would it be possible to give notice, and t.o whom should it be given, did the plaintiff reside at a distance or in another State? There is no Attorney in cases of justices’judgments; and, often, none that could be notified, where the judgment had been given in court. In favor of the liberty of the person, the act must be construed so as to give the defendant in the ca sa the benefit thereof — for the reasons, more at large, in favor of this construction of the act, we refer to the opinion in the case of Powell.
The judgment of the circuit court will be reversed, and that of the county court affirmed.*

The same point was determined in the case of Johnson vs. Thompson, at Nashville, and in several other cases not reported. — Rep.